UNITED STATES of America, Plaintiff-Appellant,

v.

James F. GALLAGHER, Defendant-Appellee.

No. 18000.

United States Court of Appeals, Seventh Circuit.

July 9, 1970.

Stanley B. Miller, U. S. Atty., Indianapolis, Ind., Johnnie M. Walters, Asst. Atty. Gen., Darrell McGowen, Joseph M. Howard, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant; K. Edwin Applegate, U. S. Atty., of counsel.

Joseph A. Noel, Kokomo, Ind., for defendant-appellee; Noel, Noel & Williams, Kokomo, Ind., of counsel.

Before KILEY and CUMMINGS, Circuit Judges, and DOYLE, District Judge.[1]

CUMMINGS, Circuit Judge.

Under 18 U.S.C. § 3731,[2] the Government has appealed from an order suppressing certain statements and documents obtained by the Internal Revenue Service from defendant before he was indicted for filing fraudulent income tax returns for 1961, 1962 and 1963 in violation of 26 U.S.C. § 7201.[3]

Defendant's tax returns were first examined by Revenue Agent John C. Ramos, who subsequently referred them to the Intelligence Division of the Internal Revenue Service. The jurisdiction of the Intelligence Division is limited primarily to criminal investigations, and this case was assigned to Special Agent Richard Wuerth of that Division on August 5, 1965.

From September 22, 1965, until January 10, 1966, the special agent, ordinarily accompanied by a revenue agent, conducted three interviews at defendant's office. At the first visit, Wuerth asked defendant, a lawyer, if he was familiar with the Intelligence Division and its responsibilities in income tax investigations. Defendant said he was. At the first two interviews, defendant furnished Wuerth with various documents and records. On February 18, 1966, at the start of the fourth interview, which took place in the Federal Building at Terre Haute, Indiana, Wuerth first gave defendant the warnings prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. During all the interviews, defendant was free to come and go as he pleased.

Defendant filed a motion to suppress the statements, books, and records obtained from him by the government agents on the ground that such evidence was obtained from him "involuntarily, in violation of his constitutional rights," and while he was mentally incompetent. The district court took evidence but, upon the request of the Government, delayed ruling upon the merits of the motion until after this Court announced its opinions in United States v. Lackey, 413 F.2d 655 (7th Cir. 1969); United States v. Dickerson, 413 F.2d 1111 (7th Cir. 1969), and United States v. Habig, 413 F.2d 1108 (7th Cir. 1969). Thereafter, the district court granted defendant's motion and suppressed any statements and documents obtained by the special agent between the first interview on September 22, 1965, and the fourth interview on February 18, 1966.[4] The

---

1. Judge Doyle, Chief Judge of the United States District Court for the Western District of Wisconsin, is sitting by designation.

2. 18 U.S.C. § 3731 provides in part:
   "An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:
   \*      \*      \*      \*      \*
   "From an order, granting a motion for return of seized property or a motion to suppress evidence, made before the trial of a person charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purposes of delay and that the evidence is a substantial proof of the charge pending against the defendant."

3. 26 U.S.C. § 7201 sets forth that
   "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

4. The district court suppressed all documents, apparently without inquiring into their character (cf. Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787) or whether they might be suppressed as the fruit of invalidly obtained statements. In light of our conclusions on the lack of necessity of *Miranda* warnings in this case, we need not discuss the validity of the court's suppression order as it applied to the tangible

court did not pass upon the second basis for defendant's motion that the admissions and documents were not furnished voluntarily to the Government because defendant was mentally incompetent at the time.

In United States v. Dickerson, 413 F. 2d 1111 (7th Cir. 1969), we expanded the circumstances under which Internal Revenue Service agents are required to warn a suspect of his constitutional rights. There we concluded that *"Miranda* warnings must be given to the taxpayer by either the revenue agent or the special agent at the inception of the first contact with the taxpayer after the case has been transferred to the Intelligence Division." 413 F.2d at pp. 1116–1117. At the same time, we recognized the novelty of this departure from prior definitions of "custodial interrogation" and limited the application of *Dickerson* to interrogations taking place after the date of that decision. 413 F. 2d at p. 1117. Finally, in order to avoid confusion in the administration of justice, and to prevent dampening initiative already taken independently by district courts, we expressly disavowed any intention of disturbing previously ordered suppressions of evidence.

Defendant is not entitled to the application of the *Dickerson* holding. The interrogations took place three years before our decision. Despite the fact that the ruling below was delayed at the request of the Government, the instant suppression order was entered subsequent to *Dickerson*. The exception to previously ordered suppressions therefore does not apply, as Judge Decker recognized in United States v. Lehman, 69 CR 25 (N.D.Ill.1969).

The interrogations in this case must, therefore, be judged in light of the prior law of this Circuit, requiring that the accused be in custody or "deprived of his freedom in any significant way" before receiving the prescribed warnings. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Lackey, 413 F.2d 655, 657 (7th Cir. 1969); United States v. Campione, 416 F.2d 486, 489 (7th Cir. 1969). Defendant can make no colorable claim to having been so deprived of his freedom as to entitle him to constitutional warnings. The evidence shows that he acknowledged his awareness of the function of the Intelligence Division. The critical interviews occurred in defendant's own law office, and he was free to come and go. There is no indication of any intimidation or oppressive circumstances.

Defendant additionally claimed that his statements were not voluntarily given, because of his incompetency. The district judge expressly reserved disposition of this contention, and we shall not preempt his factual inquiries and judgment. Nor do we wish to foreclose defendant from elaborating on the evidence supporting that claim should he wish to pursue the matter on remand.

Reversed and remanded.[5]

---

evidence produced by defendant at the interrogations.

5. Since the first issue in United States v. Gallagher is the same as the sole issue raised on appeal in United States v. Townsend (No. IP 66–Cr–61C, S.D.Ind.1969), now pending before this Court on appeal (No. 18159), we shall summarily dispose of that appeal pursuant to Rule 2 of the Federal Rules of Appellate Procedure.

National Labor Relations Board v. Playskool, Inc., 431 F.2d 518 (7th Cir. 1970). In *Townsend* the district court erroneously applied the standard prescribed in United States v. Dickerson, 413 F.2d 1111 (7th Cir. 1969), to dispose of a motion to suppress evidence then pending before the court. The order of the district court in that case is therefore reversed. Petition for rehearing denied August 19, 1970.